■ In the Matter of SAGE REALTY CORPORATION, Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Intervenor-Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Service Commission involving electric utility rates charged by Consolidated Edison Company of New York, Inc. In its determination of March 15, 1979, the Public Service Commission (PSC) approved the proposal of Consolidated Edison Company of New York (Con Edison) to initiate mandatory time-of-day rates for its largest commercial and industrial customers, including petitioner. In this proceeding, petitioner seeks to review only that portion of the determination that eliminates from the rate structure the electric space-heating provision, which provided a discount for certain customers, such as petitioner, who use electric space heating.[*] The basis for the PSC's decision to eliminate the electric space-heating provision for customers subject to time-of-day rates was its conclusion that a discount for space-heating customers is inherent in time-of-day rates. PSC determinations may be set aside only where the commission's exercise of judgment was "without any rational basis or without any reasonable support in the record" *(Matter of New York State Council of Retail Merchants v Public Serv. Comm. of State of N.Y.,*

---

[*] The determination actually reduced the discount provided in the electric space-heating provision by 50% for the first year that the time-of-day rates were to be in effect and eliminated the provision in the second year.

45 NY2d 661, 672). Here, we find ample evidence in the record, in the form of expert testimony and exhibits, to support the PSC's conclusion that a discount for winter use of space heating is inherent in the proposed time-of-day rates, which provides a rational basis for the determination to eliminate the electric space-heating provision from the time-of-day rates. Since there is a rational predicate for the commission's action, petitioner's attack on the ground of discrimination must fail *(supra,* at p 667). Since petitioner has failed to establish that the PSC's determination is without any rational basis or without any reasonable support in the record, the determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.